UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
RANDOLPH S. KOCH,                   )
                                    )
  Plaintiff,                       )
                                    )
v.                                  )   Civil Action No. 09-1225 (PLF)
                                    )
MARY L. SCHAPIRO,                   )
  Chairman, Securities and Exchange )
  Commission, <u>et al</u>.,               )
                                    )
  Defendants.                      )
_____ )


<u>OPINION</u>

        This matter is before the Court on defendants' motion to dismiss or, in the alternative, for summary judgment. On March 31, 2011, the Court issued an Order granting in part and denying in part the defendants' motion. This Opinion explains the reasoning underlying that Order and is accompanied by an Amended Order.[1]

I.  BACKGROUND

        Plaintiff Randolph S. Koch has been employed by the Securities and Exchange Commission ("SEC") since 1991. Am. Compl. ¶ 11. Mr. Koch describes himself as sixty-two years old, white, and Jewish, and alleges that he "suffers from several medical conditions,"

---

[1] The papers reviewed in connection with the pending motion include: plaintiff's first amended complaint ("Am. Compl."); defendants' motion to dismiss or, in the alternative, for summary judgment ("Mot."); defendants' statement of material facts as to which there is no genuine issue ("Defs. Statement"); plaintiff's opposition to defendants' motion to dismiss or, in the alternative, for summary judgment ("Opp."); plaintiff's response to defendants' statement of material facts as to which there is no genuine issue ("Pl. Statement"); and defendants' reply ("Reply").

including, among others, cardiovascular disease, obstructive sleep apnea, thrombophelia or hypercoagualable state, and gout. Id. at 6. Based on his various protected statuses, Mr. Koch has filed numerous lawsuits against the SEC, many of which have been or currently are before this Court, alleging violations of Title VII of the Civil Right Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., the Rehabilitation Act, 29 U.S.C. §§ 791, 794, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. See Am. Compl. ¶ 7; Koch v. Schapiro, 699 F. Supp. 2d 3, 7 (D.D.C. 2010).

The matter now before the Court relates to a request made by Mr. Koch to the SEC in December 2007 for an accommodation, seeking schedule flexibility so that he could continue a cardiac rehabilitation program with minimum use of leave. See Am. Compl. ¶ 21. Mr. Koch alleges that the SEC did not respond to his request, id. ¶ 25, and he eventually filed an EEO complaint. Id. ¶ 28. As Mr. Koch describes it, after filing his EEO complaint, he "was informed by the SEC EEO office that his case would be investigated by a contract investigator, Daniel Jewell." Id. ¶ 29. Mr. Koch

> became concerned over the possibility that his medical records, which had been submitted to the [SEC] in connection with his accommodation request and counseling on a confidential basis and under certain safeguards, would be turned over to the contracting company, Delaney, Siegel, Zorn, and Associates ["DSZA"], and its subcontractor [Mr.] Jewell.

Id. ¶ 30. Mr. Koch then expressed his concern to SEC officials, see id. ¶¶ 30, 31, and began asking questions "about the protections and safeguards that would apply to the confidential medical information that would likely be turned over to [Mr.] Jewell." Id. ¶ 30.

Mr. Koch alleges that he was eventually informed by the SEC that its disclosures to Mr. Jewell would not be covered by 48 C.F.R. pt. 24, Am. Compl. ¶ 31, a set of federal regulations governing the protection of individual privacy with respect to the Federal Acquisition Regulations Systems. See 48 C.F.R. pt. 24. Upon his own review of the contract between the SEC and DSZA (the "DSZA Contract"), as well as the DSZA's subcontract with Mr. Jewell, Mr. Koch concluded that neither the DSZA Contract nor the subcontract included Privacy Act language referenced in 48 C.F.R. pt. 24, Am. Compl. ¶ 32, specifically: "The clause at 52.224-1, Privacy Act Notification[; and] (b) The clause at 52.224-2, Privacy Act." 48 C.F.R. § 24.104; see also 48 C.F.R. §§ 52.224-1 & 52.224-2. Mr. Koch further concluded that "the conduct of the investigation could result in [the] release to non-government contractors . . . [of] personal and confidential medical information which would no longer be protected under the Privacy Act." Id. ¶ 32.

Thus, Mr. Koch alleges that he "stated his strong objection to the SEC EEO office, and requested that the SEC either arrange an investigation with a contract having the required protections, or else conduct the investigation internally with government personnel." Am. Compl. ¶ 33. According to Mr. Koch, "the SEC did not cooperate," and therefore Mr. Koch exercised what was in his view the only remaining option — "to *not* participate in the investigation." Id. ¶ 33 (emphasis added). In response, the SEC dismissed Mr. Koch's EEO complaint, id. ¶ 35, pursuant to 29 C.F.R. § 1614.107, which provides that an agency

> shall dismiss an entire complaint . . . . [w]here the agency has provided the complainant with a written request to provide relevant information or otherwise proceed with the complaint, and the complainant has failed to respond to the request within 15 days of its receipt or the complainant's response does not address the agency's request . . . .

3

29 C.F.R. § 1614.107(a)(7). Mr. Koch filed a timely appeal to the Equal Employment Opportunity Commission ("EEOC"), which affirmed the SEC's decision and found that Mr. Koch "proffered nothing in the record to justify not cooperating with the agency's investigation . . . ." Opp., Ex. B, EEOC Decision at 2, Mar. 31, 2009.

Mr. Koch filed his complaint in this Court on July 1, 2009 against Mary L. Schapiro, the Chairman of the SEC. Mr. Koch filed an amended complaint on January 28, 2010, naming both Chairman Schapiro and the SEC as defendants. His amended complaint states six claims against the defendants. First, Mr. Koch alleges that the defendants "violated the Rehabilitation Act by failing to engage in an interactive process, . . . fail[ing] to respond promptly to [Mr. Koch's] accommodation request," Am. Compl. ¶ 37, and attempting to engage in an illegal investigation that did not comply with 48 C.F.R. pt. 24. Am. Compl. ¶ 39. Second, Mr. Koch alleges that defendants acted in an arbitrary and capricious manner in violation of the Administrative Procedure Act ("APA") by failing "to include specific contractual language pertaining to the Privacy Act in its contract with [DSZA] . . . ." Id. ¶ 41. Third, Mr. Koch alleges that "[b]y refusing to accede to [his] request that his EEO investigation be conducted in accordance with 48 C.F.R. Pt. 24 and the Privacy Act, the SEC failed to accord [him] meaningful due process and denied him the full administrative rights that EEO complainants must be provided before their complaint is adjudicated." Id. ¶ 45. Fourth, Mr. Koch alleges that defendants "willfully and intentionally provided copies of [Mr. Koch's] records protected by the Privacy Act to [DSZA] and/or [Mr.] Jewell" in violation of the Privacy Act. Id. ¶ 48. Fifth, Mr. Koch alleges that defendants failed to establish appropriate rules of conduct and instructions for their employees with respect to the Privacy Act. Id. ¶ 50. And sixth, Mr. Koch alleges that

4

defendants failed to establish appropriate administrative safeguards, also in violation of the Privacy Act. Id. ¶ 53.

On March 1, 2010, defendants filed a motion to dismiss or, in the alternative, for summary judgment. Defendants argue that Mr. Koch's "refusal to cooperate in the agency's investigation of his complaint constitutes a failure by him to exhaust his administrative remedies, which under the Rehabilitation Act is jurisdictional." Mot. at 1. Defendants further argue that Mr. Koch's claims under the APA, the Due Process Clause, and the Privacy Act are legally and factually without merit. Id.

In preparing his opposition to defendants' motion, Mr. Koch learned that the DSZA Contract did in fact include by reference the Privacy Act language he had insisted upon, specifically 48 C.F.R. §§ 52.224-1 and 52.224-2. See Opp. at 1-2. According to Mr. Koch, this discovery "fundamentally changes the nature of this case." Id. at 2. Thus, in his opposition papers, Mr. Koch stated that he "formally withdraws" Counts Four and Six of his amended complaint, conceding that the DSZA Contract "was *per se* in compliance with the Privacy Act," id. (emphasis in original), and that the defendants did in fact establish appropriate administrative safeguards. Id. at 3.[2] Then, Mr. Koch addressed defendants' substantive arguments in light of his discovery, while requesting that the Court interpret the relevant portions of his amended complaint broadly. Id. at 2.

---

[2] The Court construes Mr. Koch's request to formally withdraw Counts Four and Six as a request under Rule 15(a)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 15.1 to amend his first amended complaint. Because defendants have not stated any opposition, the Court will grant Mr. Koch's request and will deny as moot defendants' motion to dismiss or, in the alternative, for summary judgment with respect to Counts Four and Six.

In reply, defendants argue that Mr. Koch's discovery should not alter the Court's analysis. See Reply at 1-2. Defendants assert: "[T]he EEO Office was correct when it informed Mr. Koch that the [Privacy Act] provisions were not applicable to the DSZA Contract (even though it was later discovered that the contract incorporated them by reference)." Reply at 2.

## II. DISCUSSION

### A. *Count I — Rehabilitation Act*

Defendants argue that because Mr. Koch refused to cooperate with the SEC's investigation of his administrative complaint, he failed to exhaust his administrative remedies with respect to his Rehabilitation Act claim, which, defendants contend, is a jurisdictional requirement under Spinelli v. Goss, 446 F.3d 159 (D.C. Cir. 2006). See Mot. at 1. Thus, defendants conclude that this Court should dismiss Mr. Koch's claim for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Id. Mr. Koch expressly acknowledges that he did "*not* participate in the investigation." Am. Compl. ¶ 33 (emphasis added). He nevertheless argues that he made a good faith effort to cooperate that suffices for purposes of exhaustion under the Rehabilitation Act — thus, his failure to participate should be excused. See Opp. at 10. The first question before the Court is whether Mr. Koch's failure to cooperate with or participate in the investigation constitutes a jurisdictional failure, which is not excusable under Spinelli v. Goss, or a prudential failure that the Court "may, in its discretion, excuse . . . if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further." Avocados Plus Inc. v. Veneman, 370 F.3d 1243, 1247 (D.C. Cir. 2004) (internal quotations and citation omitted).

In Spinelli v. Goss, the court of appeals held that a plaintiff's failure to file an administrative complaint with respect to a Rehabilitation Act claim constituted a failure by the plaintiff to exhaust his administrative remedies that deprived the district court of subject matter jurisdiction even when the plaintiff plausibly contended that doing so would be futile. See Spinelli v. Goss, 446 F.3d at 162. Because "[s]uch jurisdictional exhaustion . . . may not be excused," id. (internal quotations and citation omitted), the court expressly rejected the plaintiff's futility argument, cautioning that courts "may 'not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.'" Id. (quoting Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)). Thus, in Spinelli, where "there was no administrative complaint and thus no final disposition of one," there was no subject matter jurisdiction in this Court. Id.

In this case, by contrast, Mr. Koch did file an administrative complaint but thereafter refused to participate in the administrative proceedings on grounds of futility. The SEC then dismissed his complaint under 29 C.F.R. § 1614.107, and the EEOC affirmed this decision. The Court concludes that because Mr. Koch filed an administrative complaint and because there was a final disposition of his complaint — albeit by way of dismissal and not on the merits — his Rehabilitation Act claim is not foreclosed by Spinelli v. Goss. See Spinelli v. Goss, 446 F.3d at 162; Perry v. U.S. Department of State, 669 F. Supp. 2d 60, 65 (D.D.C. 2009) (Spinelli's jurisdictional holding is limited to cases where "'there was no administrative complaint and thus no final disposition of one.'") (quoting Spinelli v. Goss, 446 F.3d at 162); Fortune v. Holder, Civil Action No. 10-0856, 2011 WL 723111, at *2-3, 3 n.5 (D.D.C. Mar. 2, 2011) (subject matter jurisdiction over Rehabilitation Act claim existed despite agency's

7

dismissal of plaintiff's administrative complaint as untimely) (citing Perry v. U.S. Department of State, 669 F. Supp. 2d at 64). The Court therefore has subject matter jurisdiction. The question, then, is whether the Court should decline to exercise its jurisdiction because of Mr. Koch's failure to exhaust his remedies — non-jurisdictional or prudential nonexhaustion, see Avocados Plus Inc. v. Veneman, 370 F.3d at 1247 — by declining to provide the SEC with requested information relevant to its decision.

As discussed, Mr. Koch admits that he did "*not* participate in the investigation." Am. Compl. ¶ 33 (emphasis added). He nevertheless argues that the Court should find that he exhausted his administrative remedies "given the 'good faith' requirement that lies at the heart of the exhaustion doctrine." Opp. at 14. The Court, in its discretion, will not excuse such behavior in this case because it concludes that Mr. Koch's admitted failure to participate was not done in good faith. See Acovados Plus Inc. v. Veneman, 370 F.3d at 1247.[3] "Good faith may not be found where" — as here — "a complainant refuses to cooperate with the administrative process by . . . withholding relevant information from an agency during an investigation." Payne v. Locke, Civil Action No. 09-1808, 2011 WL 713713, at *3 (D.D.C. Mar. 2, 2011); see Wilson v. Peña, 79 F.3d 154, 164-65 (D.C. Cir. 1996) (if complainant forces agency to dismiss complaint by failing to provide sufficient information to enable agency to investigate he may forfeit right to sue in federal court).

---

[3] Mr. Koch's conduct is easily distinguishable from the conduct involved in the case he cites, Simpson v. Potter, 589 F. Supp. 2d 424 (D. Del. 2008), where the plaintiff missed one prehearing telephone conference during her administrative proceedings. See Simpson v. Potter, 589 F. Supp. 2d at 431.

8

The sole basis for Mr. Koch's refusal to participate in his administrative proceedings was his contention that the DSZA Contract was required to include language referenced in 48 C.F.R. pt. 24. See Opp. at 10; see also 48 C.F.R. § 24.104 (citing 48 C.F.R. §§ 52.224-1 & 52.224-2). Defendants respond that the DSZA Contract "was not one of the type of contracts covered by 48 CFR part 24," Mot. at 2, and that even if it was, "there is no material difference between the Privacy Act obligations imposed by that contract and those set forth in 48 CFR §§ 52.224-1 and 52.224-2." Mot. at 7-8. Thus, defendants argue that "there was no legitimate basis for Mr. Koch to refuse to cooperate with the SEC's investigation due to his mistaken belief that clauses contained in 48 CFR Part 24 were not included in the SEC's contract with DSZA and/or were required to be included." Reply at 2. The Court agrees with the defendants.

It is clear that the DSZA Contract was not covered by 48 C.F.R. pt. 24. The relevant regulations provide: "The [Privacy] Act requires that when an agency contracts for the *design, development, or operation of a system of records on individuals* on behalf of the agency to accomplish an agency function[,] the agency must apply the requirements of the Act to the contractor and its employees working on the contract." 48 C.F.R. § 24.102(a) (emphasis added); see also id. § 24.102(b), (c); International Union, Security, Police, and Fire Prof'ls of America v. U.S. Marshal's Service, 350 F. Supp. 2d 522, 535 (S.D.N.Y. 2004) ("48 C.F.R. § 24.102 . . . merely states that an agency must apply the Privacy Act when it contracts for the development or operation of a system of records . . . ."). The DSZA Contract was not a contract for the design or development of a system of records; it was a contract to investigate complaints of discrimination by employees of the agency on behalf of the SEC's EEO Office. See Defs.

Statement ¶ 6; Pl. Statement ¶ 6; see also Opp., Ex. C, DSZ Contract (describing the following services: "EEO Counseling"; "EEO Investigations"; "Final Agency Decisions"; "Alternative Dispute Resolution"; "EEO Consulting, including Training and Reference Materials"; "EEO Training"). Mr. Koch has advanced no persuasive argument as to why 48 C.F.R. pt. 24 applies to such a contract. The most Mr. Koch can muster is a suggestion, in a footnote, that since the DSZA Contract did ultimately include the Privacy Act language he insisted upon, that "should create a presumption that [his] legal interpretation was reasonable." Opp. at 13 n.12. The Court disagrees. It is clear from the plain language of the regulations that the DSZA Contract was not the type of contract covered by 48 C.F.R. pt. 24. Furthermore, Mr. Koch has failed to explain why the extensive privacy protections contained in the contract — including, among other things, restrictions on the use, disclosure, and duplication of confidential information, as well as a requirement that all contractors and subcontractors execute non-disclosure agreements — did not satisfy his privacy concerns. See Reply at 2-5.

The Court therefore finds that Mr. Koch's refusal to participate in his administrative proceedings constitutes a failure to exhaust his administrative remedies and that there is no reason to excuse such failure. Defendants are entitled to judgment as a matter of law on Count One.[4]

---

[4] The Court's March 31, 2011 Order dismissed Count One under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Inasmuch as its decision is based on prudential exhaustion rather than jurisdictional exhaustion, the Court's analysis with respect to Count One is more appropriately considered under Rule 12(b)(6) of the Federal Rules. But because the Court has considered materials outside of the four corners of Mr. Koch's first amended complaint, the Court will treat this portion of defendants' motion as a motion for summary judgment. See Fed. R. Civ. P. 12(d). The Court therefore will issue an Amended Order to provide that judgment is entered for defendants on Count One.

*B. Counts Two, Three, and Five*

Mr. Koch's three remaining claims, as stated in his amended complaint, are all based on the defendants' alleged failure to include language from 48 C.F.R. pt. 24 in the DSZA Contract. See Am. Compl. ¶¶ 40-54. In light of the Court's conclusion that the DSZA Contract was not covered by 48 C.F.R. pt. 24, as well as the fact that the DSZA Contract actually incorporated by reference the insisted upon Privacy Act language, these claims obviously have no merit. Even if the Court were to interpret his amended complaint as broadly as Mr. Koch requests, his three remaining claims, as revised in his opposition papers, still rest on his erroneous conclusion that the DSZA Contract was covered by 48 C.F.R. pt. 24. See Opp. at 15-18. With respect to Counts Two and Three, Mr. Koch now contends that defendants' decision to mislead him about the absence of the clauses from the DSZA Contract was arbitrary and capricious and was a violation of the Fifth Amendment. See id. at 15-16. With respect to Count Five, Mr. Koch now contends that defendants violated the Privacy Act because they failed to instruct their employees regarding the requirement that the DSZA Contract be covered by 48 C.F.R. pt. 24. See id. at 17-18. Defendants did not mislead or erroneously instruct Mr. Koch because defendants were legally correct that the DSZA Contract was not covered by 48 C.F.R. pt. 24. The Court therefore finds that defendants are entitled to judgment on Counts Two, Three, and Five.[5]

---

[5] As with Count One, the Court considered materials outside of Mr. Koch's first amended complaint in evaluating defendants' motion regarding Counts Two, Three, and Five; thus, for these claims, the Court will treat defendants' motion as a motion for summary judgment. See FED. R. CIV. P. 12(d).

## III. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part defendants' motion to dismiss or, in the alternative, for summary judgment [Dkt. No. 15]. An Order consistent with this Opinion issued on March 31, 2011. An Amended Order shall issue this same day.

SO ORDERED.

DATE: April 13, 2011

/s/
PAUL L. FRIEDMAN
United States District Judge